# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. THOMAS MICHAEL MORELOS, Defendant. | No. CR07-4029-DEO<br><br>ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO<br>18 U.S.C. § 3582(c)(2) |

This matter comes before the court on the defendant's motion reconsider (Docket No. 74). The defendant filed such motion on May 15, 2015. The defendant states nothing that leads the court to a different determination. The court previously granted the defendant the maximum reduction permitted under the law. Before doing so, the court correctly calculated the amended guideline range. Indeed, USSG §1B1.10(b) and the corresponding commentary limit the extent of the reduction that the court may grant. *See* USSG §1B1.10(b)(2)(A) ("Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline

range determined under subdivision (1) of this subsection."); USSG §1B1.10, comment. (n.3) (making clear that a reduction is not authorized under 18 U.S.C. § 3582(c)(2) if the court imposed a term of imprisonment outside the guideline range applicable to the defendant at the time of sentencing as a result of a downward departure or variance and such term is less than the minimum term of imprisonment provided by the amended guideline range); *see also* United States v. Anderson, 686 F.3d 585, 588-90 (8th Cir. 2012) (noting that not all downward departures and variances that applied to the original sentence are available under 18 U.S.C. § 3582(c)(2)); United States v. Maxwell, 590 F.3d 585, 588 (8th Cir. 2010) (discussing USSG §1B1.10(b)(2)(A)); United States v. Higgins, 584 F.3d 770, 772 (8th Cir. 2009) (same); United States v. Murphy, 578 F.3d 719, 721 (8th Cir. 2009) (same); United States v. Wagner, 563 F.3d 680, 682 (8th Cir. 2009) (emphasizing that the authority to reduce a sentence is constrained by USSG §1B1.10(b)(2)(A)). If the government did not make a motion to reflect a defendant's substantial assistance, the court may not reduce a defendant's sentence to a term of imprisonment that is less than the minimum of the

amended guideline range. Because the court did not make a mistake when it relied on Amendment 782 (subject to subsection (e)(1)) and 18 U.S.C. § 3582(c)(2) to reduce the defendant's sentence, the defendant's motion to reconsider (Docket No. 74) is **denied.**

**IT IS SO ORDERED** this 18th day of May, 2015.

_____
Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa